This appeal turns on a straightforward application of the Summary Judgment Standard. There is a genuine issue of material fact as to when the right to sue notice was placed in the mail, and as a consequence, when Ms. Payan received a notice. Is there any issue before us other than timeliness? There is no issue before you other than timeliness. The sole basis On the timeliness issue, when I was in practice, we'd always have affidavits of service where you'd get your secretary to swear that she put the paper to be served in the mail on such and such a day, either by dropping it in a box or delivering it to the mailman. As I understand it, this government agency doesn't do affidavits of service. It doesn't use the green certified mail receipts that get a rubber stamp for service. It just has a rubber stamp on the paper to be served that has a date, and they rely on a presumption that it was mailed the same day that the paper was dated by the rubber stamp. Is that correct? I understand that that is correct in that this agency used to use certified mail and had receipts, and that the procedure at that time was to put a stamp. The question here is, all we know is when the letter was prepared. We don't know when it was placed in the mail, and that letter, what is before you, was not in front of the district court. The district court granted summary judgment on the basis of Ms. Payan's deposition. They didn't, Aramark didn't provide that letter of notice, and the issue for us is that deposition is conflicted. Are you saying that the letter that we looked at in the record that has the rubber stamp was not in the record in the district court? It was not presented to this, to the district court for summary judgment. The brief is clear on the facts on which... Was it presented in district court at all? It was part of the record, and then Aramark produced it. My question is, you can't tell whether you're getting a softball question or a challenge, so it's helpful if you answer. I'm wondering whether we should strike the letter. So I want to know if it was in the district court record. I don't believe it was in the district court record. How could the letter not have been in the district court record? It was produced below, but for summary judgment. Aramark relied on... It was produced at some point. It was produced in what, for the deposition? Produced as part of discovery. Ms. Pine was represented prior to the motion for summary judgment. Correct. Okay. So it was in the records that would have been before the district court in some context. The fact that it was not provided to the court in summary judgment and it was produced in discovery... Wait a minute. That doesn't tell me my answer. In discovery, there are commonly requests for production, and parties produce documents in response to the requests for production, but the rules do not require them to file the responses to the requests in the district court. They're usually not filed in the district court, and most district courts have local rules that prohibit them from being filed in district court. So back to it. Was the letter in the district court record? Not in the district court record. Not part of the record. What was part of the record was the deposition only. Okay, and what did the deposition say? The deposition was conflicted, and on page 36, she said, I don't know. It might have been mailed a day or two later. She's not in a position to know when it was mailed. But was she asked what the letter... Was she asked what date the letter bore? She asked what date the letter bore. Okay, so she testified. So presumably, in one way, we could say this is an admission... It's hearsay, but it may be an admission against interest as well. What she says is the date is September 26th. I don't know when it received it. It might have been mailed a day or two later. But she's testifying as to a letter that presumably she has in front of her during the deposition. It was provided to her as part of the deposition, but the issue is she's not in a position to know when the EEOC places it into the mail. That's true, but we do at least know the date of the letter. So there is evidence of the date. Was the letter an exhibit to the deposition? It was marked as an exhibit to the deposition. So if the deposition was in front of the district court, then the exhibit would be. The exhibit was not attached to the deposition when it was presented to the district court. All they relied on was the statement by the client in her deposition. They didn't attach it. Okay, in her statement, though, so there is evidence that the district court had that the letter was dated December 26th. December 26th, yes, that's correct. And is there – I know that there are some cases from other circuits. Is there a case from our circuit that says in so many words that in the absence of some evidence to the contrary, the date on the letter is the presumed date of mailing? There is no specific decision from this court that addresses this question. I would direct this court to two cases. The Nelmeda decision, in which in addressing an EEOC notice, and what the issue is, applying constructive notice. And because the starting point for the 90-day period is actual notice or constructive notice. In Nelmeda, the issue was we knew she received it. The question was when. The court did not rely – didn't rely on the word of the letter. I care when she received it. I care when it was mailed. But Nelmeda looked to the other circuits and said, start at date of mailing, and then proceed forward five days. And in Nelmeda, it was the day it arrived at the – at the residence – the official residence, and that's what started the clock. But it looked to the date of mailing. Look, I don't care when it was received. I care when it was mailed. Right. In Nelmeda, it suggests that this court looks to the date of mailing, and it was more than the date on the letter. It had a certified – it was during the time period that the EEOC had certified mail receipts, and it looked to the receipt and the stamp on when it was placed in the mails. And that's what this court looked to then. We've had – we've had a number of decisions from other circuits since then. Don't most of the other courts now hold that there's a presumption that the date on which the EEOC stamps it is the day on which it goes into the – into the mails, and then use either a three-day presumption or a five-day presumption? The second circuit's decision in Sherlock, which has started that line, said when not contested. I think the most important decision is the one from last year, 12 months ago, in Kerr. That's the 11th Circuit decision, Kerr versus McDonald's, in which the – in which the 11th Circuit found that the EEOC doesn't always send it the day it was mailed. It might be that day or a day or two later. It's – after that finding, that's the – and it says the EEOC's general practice is to do that. So we're in a situation now where we don't know what the EEOC has done. There's no letter that's been placed in front of – in front of the judge to make the determination. And all we're asking is to remand this like this court did previously on – Was there a contest? Was there some evidence in the record from which it could be inferred that it was not mailed on the date that it was stamped? It was her questioning that she doesn't know. She doesn't know when it was mailed because she doesn't know when it was received. Test received it. She contested when she received it. She – the only letter that's produced is Ms. Pines' letter. Aramark hasn't produced their copy. If you read her deposition, you conclude she says, I never saw this. No. She says, I admit I received it. I just don't know when. Not contested receipt. You're also not contesting the date. I mean, if she said, I received it a week or two after that date, I didn't receive it until well into January, that would have the implication that it wasn't mailed on the date that it was stamped. But I understand that there's no such evidence. What she says is, I don't know when it was received. I didn't receive it a few days later. It was sometime thereafter. She – Does she say I did not receive it a few days later? She did. She did. And I direct the Court to our tab 12. That's where her deposition is, Deposition Testimony pages 36, 37, and 38, where you can get a sense of when she doesn't know exactly when she received it. And she says, I don't think it was a day or two later. I would like to reserve the remainder of my time. Thank you, counsel. May I ask a question? Maybe you can still reserve your time because he's being generous. But the question I have is, what are you asking us to do? Are you asking the Court to set a presumptive date of five days? Or are you saying, we don't know if that's good or not. Remand it so that you can figure out when these things are in fact mailed and do something like the Court did – I think he said it was a Kirk case – in coming up with an actual constructive notice date based upon the evidence? Judge Wheeler, it's absolutely the latter. We're not in a position factually to know what happened in this case. And all we're asking is for a remand back to the District Court for a limited evidentiary record to determine that. And what is it that you want the District Court to find? I would like there to be the opportunity for the District Court to determine when was this placed in the mails by the EEOC. Sufficient evidence of that would be a Certificate of Service type statement. You could look to the EEOC. Now, let's suppose that we go to the EEOC. We say, on September 26th, did you place this piece of mail that was stamped September 26th into the mail? And the EEOC is going to give you this blank look, and they're going to say, we haven't got a clue in the world when it actually went out. Our practice is, I stick it in the box, somebody comes by and picks it up, and typically these things go out on that day, but there isn't anybody here in the agency or down in the mail room that's going to be able to tell you a thing about this letter. Now, what happened? I think there's other evidence you could look to. And specifically, in the Sherlock decision, they looked to when was the stamp on the date received for the defendant, in this case, error mark. When did error mark see it? And that could be circumstantial evidence as the approximate amount of time. Also, in Kerr, it was recognized that the letters must be sent before the file closes. And that was a 10-day window. And in the Kerr case, the court said, well, we know it was sent before we closed the file. That's our standard practice. It may not be this case, but we can rely on the standard practice. And it gave a 10-day window. They knew when they closed the file. I would think that they would say, our routine is to send them out the day that they're stamped, and we have no recollection of this letter. I mean, I would think most honest offices would say that. I think that's possible. But if this court goes, if the EEOC people came forward and said, we have a log and a procedure, and we know when we closed the file, and that's what the testimony was in terms of general practice of the EEOC last year, we know when we closed the file, at a minimum, that's a hard date that we can count from. And that's what the court counted from, the 11th Circuit counted from in Kerr. We don't know how that would apply to Ms. Pine's situation, but it's a hard deadline that we, you know that letters are sent before the file is closed. At least when the file is closed, we can start the clock for the 90 days. But all we're asking for is a remand to see what is out there. Closing the file, you're only using closing the file as some kind of a proxy for when the letter was sent, right? Because it's still when the letter was sent is the date from which we calculate whether or not the EEOC has formally closed its files or not. That's correct, Your Honor. I'm accepting. So all we're really interested in then is, you just want us to send this back and see if we can figure out when this was actually sent. Now, under the hypothetical that I gave you, if the EEOC comes forward and says honestly, as I fully expect that the EEOC will do, we haven't got a clue when we sent this. All we can tell you was we stamped it on that date. It is our practice to send those out as best we can. We can't tell you that there wasn't slippage and it didn't go out until Monday. Now, when that happens, then what? If that's the only evidence, if the error mark can't come forward. That's the only evidence. Now what? They bear the burdens. They're a firm of defense. And if they can't prove that she's untimely, then her case gets. How could they possibly prove that? That's not within their control. But your hypothetical is how much time does your client get then? There should be other evidence. A copy of the letter sent to error mark. They should be able to come forward and say, we know we received it on this date. They can look to the circumstantial evidence of when the files flowed. I think that the district court's going to be in a position to look to other circumstantial evidence to say, at a minimum, we can say the date was sent. Is there any way that we could avoid a trial on when the letter was sent? I mean, that's not really fundamentally what the case is supposed to be about. I think if from day one, the error mark had really done what it was supposed to do and not tried to cut the corner, establish. The error mark that we're talking about, it's the agency, right? Well, error mark is the one asserting the affirmative defense. And if they want to come forward and develop the evidence, they can do it a number of different ways. Arguably, they would have it in their own files or they could go to the EEOC. It's a very narrow question, and that's what Kerr did. Kerr sent it back. I think Nomita sent it back as well. We're way over deadline, so unless my colleagues have more questions, we should probably wind up your argument. Thank you, counsel. Good morning, Your Honors. Thomas Hudson on behalf of Error Mark. And let me try to simplify this, if I can. I think it's simple enough. Well, go ahead and make your statement, and then let me ask my question. And I'm, of course, interested what's on your mind, Judge Kleinberg. Here's what's on my mind. Throughout my law practice and as a judge, the way letters go out for me is my secretary types them up, there's a date at the top that she puts there. I sign it, maybe on the date that's on the top of the letter, maybe on the next day if I got really busy. And then I put it on the right-hand side of my desk, and then it goes in the mail, maybe before the mailman comes that day. And maybe the next day, depending on what time of day it is, when I sign it and put it in the outbox portion of my desk. So that means that it'd be a silly presumption to suppose that my letter goes out the date shown on the letter. It goes out that day, the next day, or the day after. And my impression is that with government offices, it's worse. Like here, my secretary doesn't hand it to the mailman the way she does in Fairbanks. Instead, some guy picks it up from downstairs in the clerk's office, and I don't know where he takes it, and I don't know where it goes from there, and I don't know how long it takes. It could be two or three days. And Judge Kleinfeld, that's not the way the EEOC operates. And in fact, we have more than just the date of the letter. The second page, under tab 16 in the appendix, has at the bottom right-hand corner the date mailed. The EEOC compliance manual, a copy of which I provided to the clerk, in which you have, in which we've tabbed, directs the EEOC that that date entered on the date mailed is to be entered only when the date that reflects is the date it's actually given to the Postal Service. Now, let me go back to- Hold on a minute. I'm looking at this page. Page two, tab 12, page two, bottom right-hand corner. Oh, I thought you said tab 16. I'm sorry, tab 16, second page, bottom right-hand corner. Okay, it says- Date mailed. You see that? The EEOC compliance manual, which I provided to the clerk on that form, says this date should reflect the actual date of Postal Service acceptance for delivery. The instructions in filling out this form say, enter the date actually mailed. And it's precisely for those reasons that other courts have recognized that the date of issuance, the date reflected on the date mailed, starts the presumption. This- Let me ask you a couple questions now. This manual, you gave it to the district court clerk as part of- I gave it to the clerk, the Ninth Circuit clerk, this morning, Your Honor. And I provided it to opposing counsel this morning. So what? It goes to the- So what? How can we consider it? It's an authority. Courts have cited it in their opinions. Yeah, but we're reviewing a district court decision. Absolutely, but you're reviewing the district court's decision for clear error in its finding on that, and this is just an authority that further explains- Did the district court see it? The compliance manual? I don't, I don't, I've never seen the manual. Did the district court see it? Not to my knowledge. I don't know. Is it law? Is it like a CFR or something? The court's treated it as an authority. It's something that's part of the EEOC's procedures. It's published, and other courts have cited it. Can we take judicial notice of it? You can take judicial- Or is it something that we can cite like law? I think you can cite it as an authority. I think you can treat it as an authority or take judicial notice of it. Now, did the district court have the date? The district court had the date. And let me go back. In some ways, the arguments that are being made, the arguments that remain here on appeal were not made below. So, I think it's important to go back to what was, what was the record and what was the procedure before the district court. As the record shows, the plaintiff was deposed and was shown a copy of the EEOC right to sue letter, which is at tab 16. That there's no, there was no dispute at all of the issuance date, nor any dispute concerning the mailing date. She was asked about those dates in her deposition, and she acknowledged them. At the very least, that's a concession that there was going to be no dispute. The evidence is the testimony acknowledging the date, not the letter showing the date. Exactly. And that was the, that was- Why did we have a letter showing the date in, in what we have in front of us if it wasn't in front of the district court? The co-counsel prepared a joint appendix and included it. And I think, I think, Your Honor, the important point is that, that is exactly the same letter that was shown to the plaintiff in her deposition when she acknowledged the mailing date and acknowledged the issuance date. She's not really acknowledging the mailing date. She has no idea when it was mailed. She's just saying, that's a letter and it's got this date on it, and I don't dispute that I got it. But she wouldn't tell you, couldn't tell you it was mailed that day. But I think, I think, Judge Whaley, probably the best way to interpret the testimony is at least an acknowledgement that here we have a government-issued document that- I don't even know if it's the same thing that she was looking at, because no one had the sense to put it in as an exhibit that would be- Well, what we do know is what she's looking at- Deposition. What we do know is what she's looking at, she acknowledges and indicates that it was mailed on the 26th. And at the very least- How could she acknowledge it was mailed on the 26th? She's acknowledging the document- Openness strike, no personal knowledge, granted. Judge Kleinfeld, let me suggest this, and I understand that's a point about personal knowledge, but at the very least, it's an admission by the plaintiff that we're not – there's not going to be a contest over that date in this case. In other words, here she's looking at the letter, it shows the date, she's asked, you know, do you agree with this? She does. At a minimum, it's a concession that we're not going to have to litigate that issue. If she just said- The lawyer didn't stipulate- it sounds like fast talk to me. Her lawyer didn't make any stipulation that they wouldn't litigate it. She was asked a question for which she had no foundation in personal knowledge to give an answer, and she conceded that she received the letter, and the letter has that date rubber stamped on it. And that's all she has personal knowledge for. We take judicial notice all the time, Judge Kleinfeld, of government documents that have dates- I had to take judicial notice in accord with the usual rules that things are usually done in the ordinary course as things are ordinarily done. It would be the letter typically gets mailed one or two days after it's stated. But not when the letter actually identifies the date mailed, not just the date of preparation. Why do they ever stop using affidavits of service? I don't know. I mean, we're- Aramark, you know, has to deal with the EEOC, but we- I don't- If you get a secretary in your law office, those of us in private practice, you tell them, look, you're swearing to this. If you lie, it's personal. Absolutely. And then they make real sure it goes- It's important to us that we have all our letters go out on the date that's reflected in the letter and certificate of service you're swearing under oath. But again, I mean, what was before the district court? And remember, we're reviewing the district court's findings for clear air. What's before- And I think that's important. And what's before the district court is the plaintiff's acknowledgment that she received the letter, and therefore, these predicates that they're suggesting that we had to prove postage and mailing is not an issue. If somebody admits they received the letter in the mail, you don't have to show us there was proper postage in order to prove it was mailed. And of course, then we go back to how do we start the clock? The EEOC notice says they mailed- If we start the clock from when it was actually mailed, how would anybody who received the letter know when their time was up? I think you apply a mailing presumption in the absence of contrary evidence. Right. But what I'm saying is that there's a date on the letter, and if Ms. Payan gets the letter and it tells her that she has 90 days and it's dated on September 26th, what day is she supposed to count the 90 days from if it's not the date that it's stamped on the letter? I mean, how is she supposed to know that she has an additional two or three days because the EEOC didn't drop it in the mail until later? Well, a couple things, Judge Abiby. If we had- If she had testified in her deposition that she received it on a particular date, that would be the date we'd be using. But she didn't. She said, I can't say- First, she said it got there in a day or two, and then she said, I can't say whether it got there in a day or two because it was mailed on the 26th. If she said, I never got it until October 15th- No issue. Right. Then you apply the actual date of receipt. And in fact, if opposition to our summary judgment motion, she just said, no, I received it on this date, then that's the date we would use. But that's not the record here. And in fact, the only thing she said in opposition to the summary judgment motion is that she had a witness who could testify that sometimes mail takes longer than three days to be delivered. It says in the part of the record you directed our attention to, EEOC 00015, if you decide to sue, you must sue within 90 days from your receipt of this notice. That's correct. And her testimony is she did not receive that notice within a few days of that date. That's not her testimony. What is it? Let me just- I just- I'll read you. It's on page tab 12, subpart B on page 36. And she says a couple things that are worth noting. First, she says, I acknowledge receipt of this letter, page 36, line 10 and 11. She says line 16. It was mailed on September 26th. And then she says, she says she- first she acknowledges that she received it within a day or two. She then changes her testimony, which is fine, and says, well, I can't say that it got there two days, you know, because it was mailed- because it was mailed out on the 26th. Hold on. I'm on 36 and I can't find what- oh, do you mean page 36 of the record or page 36 of the deposition? Page 36 of the deposition, tab 12B. Okay. Page 36 of the deposition is page 10 of the tab. Okay. And then if you look at line 16, she says it was mailed on September 26th. Page 37, lines 3 through 7, the question is, it would have been sent in a couple of days. And the letter was mailed to her mother's address. That's where she- the EOC address she gave. And that's the date of receipt at that address. And she says, that's right. And then you would have received it within a day or two of September 26th. Is that right? The answer is no. Well, on line 9, she says that's correct. And then on line 24 of page 37, she says, well, I can't say that it got there two days, you know, because it was mailed out on the 26th. But you really don't know how long it took. It was, well, being handled inside the post office. That's what I'm saying. So she's saying she doesn't know when it- when receipt was occurred. The person doesn't deny receipt. So the record is that they received it. And the further record is that the date of the document is a certain date. Right. And no dispute about those facts. Then the law should presume that the- it was received three days later. That's correct. And that's what- that's what- The circuit should say five days later. I- I- I don't know the circuit's resolved that issue, but three or five days. That's what I'm saying. If you don't deny receiving it, then, you know, presume it was either three days or five days after the date. And if you don't have testimony that it was received at some other date. Counsel, if we were to adopt a five-day rule, does that make her submission timely? Why not? Because it would still be two days too late. And why is that? We're calculating from September 26th. Right. We get the- she gets the 27th, the 28th, the 29th, the 30th, October 1st. Right? Are you suggesting if it was okay for five days on the receipt? Right. You don't start with the 26th. You have to start with the 27th. Right. It was- it was 97 days late. So if you- if you- Well, that would be 20- 20- let's see. We have to count all the 31sts, don't we, Debra? So that gets a little complicated. Right. Yeah. September has only 30 days. Yeah. So it's- it's- it's seven days late. So two or five- or three or five isn't going to make- Okay. But now she also gets the benefit of January 1st because that was a holiday. Right. So you're still telling us that- But that's only- that's only in terms of on the back end, not on the front end. It's still- it's five- three or five doesn't make a difference. Well, we- She doesn't have to file anything January 1st. I understand that. So your contention is that even under a five-day, it was still due when? Uh, it was due the 31st under a five-day. Okay. So she actually filed a one-day late if- under a five-day rule. Is that right? I- I suppose that's- if you- yeah, if you don't count the first. What day of the week was the 31st? Wasn't that a- wasn't that a Saturday? It was a Friday. I brought my calendar just because I thought- Wait a minute. Oh, wait a minute. I'm sorry. It was a Wednesday. 2003, it was a Wednesday. It was a Wednesday? Yes. Okay. If I could make a pitch for the three-day rule, this thing was mailed from Phoenix to Phoenix. That's the way these regional things- these EEOC notices are issued from regional offices.  So it's not coming from Washington, D.C. Correct. And that's- yeah, that's why the three-day rule makes sense. Thank you. Unless my colleagues have questions. Yeah, I actually do have- I do have one question. I just want to ask you about if we were to- if we were to- if we were to decide that we- that we just needed to adopt a rule here and we were to adopt the five-day rule, does that make her submission timely? The September 26th was a Friday. If it was mailed on Monday as opposed to Friday- No, I don't want to argue about that anymore, counsel. I'm kind of done with that argument. If we mail it on the 26th and you get a five-day rule, does that make the submission timely? Okay. So it doesn't matter whether we adopt a three-day rule or a five-day rule. If we are determined to adopt one of those rules, you cannot win. If you're determined to adopt those rules, we are seeking remand. I'd like to address the judicial notice for the document that was presented to me an hour and a half ago. And I just want to note, first of all, before I even do that, she was pro se below. She was not defended in her deposition. There was no attorney there. So I'd also like to direct the Court's attention on page 36, the one- the deposition she was looking to, on line 6, ten lines before the one that my opponent directed me to. She says it might have been mailed a day or two later. She doesn't know. And as to whether this Court can accept an EEOC compliance manual on judicial notice, I don't believe it can because under Kerr, it is recognized by the Eleventh Circuit that general practice is to mail it a day or two later when it is a dispute about potential facts. When it's not indisputable, you're not in a position to take judicial notice under 104. The key here is for the pro se litigant, when we don't know the date of mailing, when they don't provide the letter, all we're asking for is a remand under NELMEDA to recognize what could be out there in the record that could be fully developed, and then potentially apply whatever mailing presumption of three or five days this Court determines. Thank you. Thank you. Payan v. Aramark is submitted.
judges: Kleinfeld, Bybee, Whaley